FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 MAY 17  P 5:00

CLERK'S OFFICE
AT BALTIMORE

BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Sterling Acceptance Corporation, : | |
| Plaintiff, : | |
| v. : | Civil Action No.: H01 CV 2921 |
| Tommark, Inc., d/b/a, : Sterling Associates : | |
| Defendant. : | |

## PROTECTIVE AND CONFIDENTIALITY ORDER

Pursuant to Federal Rule of Civil Procedure Rule 26(c), the Court hereby orders that the following procedures are to be employed in this action for the protection of the parties against disclosure or any improper use of confidential information produced in discovery or filed with this Court:

1. <u>Definition of "Confidential Information"</u>: "Confidential Information" is defined as trade secrets, confidential technical, business or financial information; confidential research, development or commercial information; and confidential or private personal information.

2. <u>Scope of This Order</u>: This Protective Order governs the handling of all Confidential Information, including documents, things, testimony, and other information, including all copies, excerpts, and summaries thereof produced, given or filed during discovery and other proceedings in this action, including Confidential Information produced, given or filed prior to the date of this Protective Order.

9021976v2

3.      <u>Persons Covered by This Order</u>:  The provisions of this Protective Order shall apply to the parties to this action, and any other persons producing or disclosing Confidential Information in this action who agrees or is ordered to be bound by this Protective Order.  As used herein, "Person" includes both the named parties and third parties who have agreed or been ordered to be bound by this Protective Order.

4.      <u>Designation of Confidential Information</u>:  Any party and anyone who produces, gives, or files Confidential Information may designate information as Confidential Information if it meets the definition stated in Paragraph 1.

     a.      <u>Designation of Documents or Things</u>:  Documents or things may be designated as Confidential Information by stamping "Confidential" or "Confidential – Attorneys' Eyes Only" on each page prior to production or by providing a label with such text on the thing prior to production.  A party that in good faith believes any particular Confidential Information is so sensitive that it should not be disclosed to an individual plaintiff or defendant, or to a director, officer, agent or employee thereof, may designate that Confidential Information as "Confidential – Attorneys' Eyes Only."  Information which is designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall be used by the parties to this action solely for the purposes set forth in paragraph 5 below.

     b.      <u>Designation of Deposition Testimony</u>:  Deposition testimony may be designated, in whole or in part, as Confidential Information by oral designation on the record, in which case the person making the designation shall instruct the Court Reporter to separately bind the "Confidential" and "Confidential – Attorneys' Eyes Only" portions of the deposition transcript and shall instruct the Court Report to stamp the words "Confidential" or "Confidential – Attorneys' Eyes Only," as appropriate, on each page.

9021976v2

    c.    <u>Subsequent Designation</u>: Documents, things, deposition transcripts, and other information may be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to 4(a) and (b) above, after they have been produced without having been so designated only under the following conditions:

    (i)    The party to whom such documents, things, testimony, or other information, have been produced must be advised in writing, with affirmative acknowledgment of receipt in writing, of the new designation;

    (ii)    The party to whom such documents, things, testimony, or other information have been disclosed shall not be responsible for any disclosure to third parties occurring before receipt of notice described in Paragraph 4(c)(i);

    (iii)    The party to whom such documents, things, testimony, or other information have been produced must be provided with another copy of the documents, things, testimony, or other information that bears the new designation; and

    (iv)    The party to whom such documents, things, testimony or other information have been disclosed shall return such to the producing party and all copies thereof.

5.    <u>Use of Confidential Information</u>: All Confidential Information that is produced in the course of discovery proceedings herein shall be used only for the purpose of preparing for and conducting this action (including appeals) and not for any business or other purpose whatsoever, and shall not be given, shown, or made available or communicated in any way to anyone except those specified below who have read and are bound by the terms of this Protective Order, and to whom it is necessary that such Confidential Information be given or shown for the purposes permitted under this paragraph. The person to whom Confidential Information is disclosed shall, before such disclosure, agree to be bound

by this Protective Order by signing a copy of the acknowledgement form attached as Exhibit A and advised that the violation of the terms of this Protective Order (by use of the Confidential Information for business purposes or in any other impermissible manner) will constitute contempt of Court.

6. <u>Persons to Whom Confidential Information May Be Disclosed</u>:

    a. <u>"Confidential Information"</u>: Except as otherwise provided by this Protective Order, information designated as "Confidential" shall be disclosed only to:

        (i) counsel of record for the parties in this action, and other attorneys, clerical, paralegal and other staff employed by such counsel, employees of third party document reproduction services solely for the purpose of reproducing documents containing Confidential Information and, in accordance with Paragraph 7 of this Order, any independent experts or independent consultants who are assisting in the prosecution or defense of this action;

        (ii) individual parties and such officers, directors, or employees of parties, as counsel in good faith require to provide assistance in the prosecution or defense of this action; and for no other purpose;

        (iii) the Court (in the manner provided by paragraph 8 and 9 hereto) and court personnel;

        (iv) any other Person as to whom the producing Person agrees in writing;

        (v) witnesses at deposition or trial; and

        (vi) court reporters employed in connection with this action.

9021976v2

b.  "Confidential – Attorneys' Eyes Only" Information: Except as otherwise provided by this Protective Order, information designated as "Confidential – Attorneys' Eyes Only" shall be disclosed only to Persons described in paragraph 6(a)(i), (iii), (iv), and (vi) above who have agreed or who have been order to be bound by this Protective Order.

c.  Disclosure of Confidential Transcripts to the Deponent:

Deposition transcripts containing Confidential Information may be shown to the deponent for the purpose of correction, but the deponent may not retain a copy of the transcript unless (s)he agrees to be bound by this Protective Order by signing a copy of the acknowledgement form.

d.  Exceptions

(i)  This Protective Order shall not apply to information obtained by a party otherwise than in this case and under this order even if such information is additionally contained in materials provided by the opposing party and marked as "Confidential" or "Confidential – Attorneys' Eyes Only" Information under this Order. Where such information is or had been obtained and is additionally contained in materials designated as "Confidential" or "Confidential – Attorneys' Eyes Only" Information under this Order, the materials provided and marked according to this Order shall be maintained as confidential, although the particular information contained therein which was independently obtained is not covered by this Order. This Protective Order also shall not apply to information that, prior to being obtained pursuant to pretrial discovery in this action, either was in the possession or knowledge of the party obtaining such information, was authored by or received by the party obtaining such information, or was demonstrably public knowledge. This Protective Order also shall not apply to information that

9021976v2

after being obtained, becomes demonstrably public knowledge other than by act or omission by the party obtaining such information.

(ii)     If a document designated as Confidential Information refers to the conduct or affairs of a potential witness, the parties' attorneys may discuss such conduct or affairs with the witness without revealing that such a document exists, its contents, its author, or its source.

(iii)    Notwithstanding any provisions of this Order to the contrary:

1)     a present or former employee or independent contractor, expert witness or technical consultant of a designating party may be shown copies and may be examined as a witness at deposition or at trial concerning anything designated as "Confidential" or "Confidential – Attorneys' Eyes Only" Information by such designating party;

2)     a former employee or independent contractor, expert witness or technical consultant of designating party may be shown copies and may be interviewed concerning anything designated "Confidential" or "Confidential – Attorneys' Eyes Only" Information by such designating party which appears on its face or from other documents or testimony to have been received by, communicated to, or communicated from the former employee or independent contractor, expert witness, or technical consultant at any time; and

3)     a present or former consultant to a designating party may be shown copies and interviewed or examined as a witness at deposition or at trial concerning anything designated "Confidential" or "Confidential – Attorneys' Eyes Only" Information by such designating party which appears on its face or from other documents or testimony to have been received by, communicated to, or communicated from the consultant at any time; and

9021976v2

        4)    non-parties may be shown copies and interviewed or examined as a witness at deposition or at trial concerning any document designated "Confidential" or "Confidential – Attorneys' Eyes Only" Information which appears on its face or from other documents or testimony to have been received by, or communicated to the non-party as a result of any contact or relationship with the designating party, or a representative of such party.

7.    <u>Disclosure to Experts or Consultants</u>:

    a.    "Confidential" or "Confidential – Attorneys' Eyes Only" Information may be disclosed to persons independent from that party who are consulted by that party, or counsel for that party, solely for the purpose of providing expert or consultant services in connection with discovery or preparation for trial in this action, or for the purpose of offering expert testimony at the trial of this action, provided that:

    (i)    Not less than ten (10) days prior to the first disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" Information to the expert or consultant, counsel for the party who designated the information as confidential has received written notice identifying the expert and received a resume setting forth any and all employment business and consulting arrangements and any other information necessary to determine whether a conflict of interest exists; and

9021976v2

  (ii) Prior to the first disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" Information to the expert or consultant, the expert or consultant shall agree to be bound by the terms of this Protective Order by executing the form attached as Exhibit A.

 b. If a party objects to the disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" Information to any expert or consultant because the party believes such expert or consultant has a conflict of interest, or for some other reason the objecting party shall notify the other party in writing within ten (10) days of the receipt of the request to disclose information and receipt of the expert's or consultant's resume. After such notification, the party shall not make any disclosure of "Confidential" or "Confidential – Attorneys' Eyes Only" Information to the expert or consultant, and the parties shall then attempt to resolve the dispute informally. If the dispute cannot be resolved informally, the objecting party may apply to the Court for relief. The objecting party has the burden of proof to demonstrate why such disclosure to the expert or consultant should not be made.

 c. Nothing herein shall be construed to require or permit, beyond that permitted by the Federal Rules of Civil Procedures, any discovery relating to a non-testifying consultant, unless and until such a consultant is disclosed as a expert who will testify at the trial of the action pursuant to Rule 26 of the Federal Rules of Civil Procedures.

8. <u>Court Filings</u>: For applications and motions to the Court in which a party submits confidential information, all documents containing "Confidential – Attorneys' Eyes Only" or "Confidential" Information which are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers on which shall be endorsed the title of action to which it pertains, an indication of the nature of the contents of the sealed envelope or other container, the words

"CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the United States District Court, District of Maryland, in Civil Action No. H01 CV 2921, contains Confidential information, and is not to be opened or the contents revealed except by order of the Court.

9. <u>Court Hearings</u>: Any portion of a Court hearing which refers to or describes "Confidential – Attorneys' Eyes Only" or "Confidential" Information shall, in the Court's discretion, be *in camera*.

10. <u>Access to Documents Containing Confidential Information Filed With the Court</u>: Any document or transcript designated as "Confidential" or "Confidential – Attorneys' Eyes Only," which is filed with the Court shall be maintained under seal by the Clerk and shall be made available only to the Court and to counsel for the parties and other persons entitled to have access to such information pursuant to paragraphs 8 and 7 hereof until further order of this Court.

11. <u>Objections to Designations of Confidential Information</u>: A party shall not be obligated to challenge the designation of "Confidential" or "Confidential – Attorneys' Eyes Only" at the time such designation is made and failure to do so shall not preclude subsequent challenge thereof. Whenever a party objects to the designation of any document, thing or testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" as defined in paragraph 4 herein, the objecting party shall, in writing, so inform the designating party, and the parties shall attempt to resolve any challenge on an informal basis. If the challenge cannot be informally resolved, the objecting party shall thereafter, upon at least fifteen (15) days written notice of such application to the designating party, apply to the Court for a ruling regarding the document or transcript issue. Such application shall be made within a reasonable period of time after notice of the objection to a "Confidential" designation is given. Until this Court enters an Order, if any, changing the designation of the document, testimony, or thing which is the subject of the application it

shall be afforded the designated "Confidential" or "Confidential – Attorneys' Eyes Only" treatment described in Paragraph 6 herein. At the hearing on any such application, the designating party shall have the burden of establishing why the challenged designation should not be changed.

12. <u>Use of Confidential Information During Trial</u>: Nothing in the Protective Order shall restrict the use of "Confidential" or "Confidential - Attorneys' Eyes Only" Information at trial. The method of presenting "Confidential" or "Confidential - Attorneys Eyes' Only" Information at a hearing or trial shall be determined prior to the hearing or trial in accordance with the practice of the Court.

13. <u>Modification of This Order</u>: On good cause shown, the Court may amend or modify any of the terms of this Order so as to further the ends of justice or to resolve any problems which may arise from or relate to this Order.

14. <u>Use of Confidential Information After This Litigation</u>: At the conclusion of this litigation (i.e., upon its final dismissal or entry of judgment, including any appeals), all copies of all documents, things or transcripts designated "Confidential" or "Confidential – Attorneys' Eyes Only" shall either be destroyed or returned to the party or person furnishing the same, at the option of said party or person furnishing the same. In addition all copies of all summaries or other materials containing or disclosing information contained in "Confidential" or "Confidential – Attorneys' Eyes Only" documents or transcripts shall be either destroyed or returned to the party or person furnishing the same. The attorneys of record for each party shall be entitled to retain copies of all pleadings, motion papers, discovery responses, deposition transcripts, correspondence, legal memoranda and work product. This Order shall continue to be binding after the conclusion of this litigation.

IT IS SO ORDERED.

Date: May 17, 2002

_____
Alexander Harvey
United States District Judge
District of Maryland

9021976v2

# Exhibit A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, declare under the penalty of perjury under the laws of the United States that I have read the entirety of the Protective Order entered in

> STERLING ACCEPTANCE CORPORATION V. TOMMARK, INC., d/b/a STERLING ASSOCIATES
>
> UNTIED STATES DISTRICT COURT
>
> DISTRICT OF MARYLAND
>
> CIVIL ACTION NO. H01 CV 2921

And that I agree to adhere to and be bound by the terms of that Protective Order.

Signed: _____

Dated: _____

9021976v2